UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OCEANUS PERRY, | ) | |
| | ) | Case No. 4:06-CV-00300 |
| Petitioner, | ) | Criminal Case 4:02-CR-00092 |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM AND ORDER |
| | ) | |

Before the court is *pro se* petitioner Oceanus Perry's ("Perry") petition for relief under 28 U.S.C. § 2255 [Docket No. 1], as well as a motion for discovery [Docket No. 10]. Respondent United States of America (the "Government") has filed a response to the merits of Taylor's petition [Docket No. 8]. For the following reasons, the court denies Perry's petition, denies as moot his discovery motion, and certifies pursuant to 28 U.S.C. § 2253(c) that an appeal from this order would not be well-taken.

**I.      Background**

Perry was arrested in February 2002 in connection with a bank robbery in Liberty, Ohio in January 2002. He was indicted on two counts in March 2002 for armed bank robbery in violation of 18 U.S.C. § 2113 and for use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924. He was convicted by a jury on both charges in May 2003. The Sixth Circuit affirmed his conviction and sentence on appeal in November 2004.

During jury selection, Perry raised no challenge to the composition of the jury, to the exclusion of members of the venire, or specifically to any under-representation of African-Americans in the venire for his trial, in venires in this district, or in his jury. Out of the 39 individuals in the venire for Perry's trial, only two were African-American, and both were at the end

of the venire. As a result, after the exercise of all challenges for cause, even if both the Government and Perry had used all of their peremptory challenges on different potential jurors, the two African-American venire members would not have been selected for Perry's jury. At no time was a peremptory challenge used on an African-American venire member.

At trial, the teller who was robbed by Perry offered testimony describing the gun Perry used while committing the robbery, establishing that an actual firearm was used in the crime. Perry, who now admits robbing the bank in January 2002 in his petition for habeas relief, denies using a firearm. Finally, at no point during the trial did Perry state or otherwise communicate his desire to testify, in opposition to trial counsel's advice. Perry did not testify during the trial, though in his petition he argues that trial counsel prevented him from testifying.

In his habeas petition, Perry lists seven claims, but also states that each of his claims should be considered the basis of an ineffective assistance of counsel claim as well. Because three of Perry's seven listed claims are already ineffective assistance of counsel claims, that means Perry states a total of eleven claims for habeas relief:

      (1)    Ineffective assistance of counsel, because counsel refused to let Perry testify;

      (2)    Violation of Perry's equal protection rights under the Fifth Amendment, because both potential African-American jurors were excluded;

      (3)    Violation of Perry's Sixth Amendment right to a jury drawn from a fair cross-section of the community, as only two of the 39 venire members were African-American, a far lower percentage than in the community;

      (4)    Violation of Perry's Sixth Amendment right to a jury, because the "blind strike" process used by the court for peremptory challenges is unconstitutional;

> (5) Ineffective assistance of counsel, because counsel did not ask Perry about his actions on the date of the robbery, because counsel would have learned that Perry did rob the bank but did not use a gun;
>
> (6) Ineffective assistance of counsel, because counsel failed to properly cross-examine the teller about the time she had been robbed previously, and trauma from that caused her testimony about Perry's firearm;
>
> (7) Violation of Perry's Fifth Amendment due process rights, because he is actually innocent of the second charge, which was secured by police misconduct, false testimony and withholding of evidence by the Government;
>
> (8) Ineffective assistance of counsel, because counsel failed to raise the equal protection challenge about the jury's composition;
>
> (9) Ineffective assistance of counsel, because counsel failed to raise the fair cross-section of the community challenge to the jury's composition;
>
> (10) Ineffective assistance of counsel, because counsel failed to challenge the blind strike process; and
>
> (11) Ineffective assistance of counsel, because counsel failed to argue Perry's actual innocence on the second charge.

Perry seeks relief from the judgment and sentence pursuant to these claims.

## II. Discussion

### A. Standard of Review

Title 28, Section 2255 of the United States Code allows a federal prisoner to seek relief if "[(1)] the sentence was imposed in violation of the Constitution or laws of the United States, [(2)] . . . the court was without jurisdiction to impose such sentence, [(3)] . . . the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack." 28 U.S.C. § 2255. Errors which are not constitutional or jurisdictional in nature are considered waived for the

-3-

purposes of relief under 28 U.S.C. § 2255, if they were not raised before the trial court or on direct appeal. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

Seven of Perry's eleven claims are for ineffective assistance of counsel. To succeed on any of those claims, Perry must demonstrate that counsel's performance was somehow deficient, and that such deficiency prejudiced Perry in some fashion. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the deficiency prong, "the threshold issue is not whether [Perry's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir.1992). On the prejudice prong, the issue is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### B. Perry's Habeas Claims

*1. Waiver of Claims 2, 3 and 4 to Jury Selection*

At no point before or during the trial did Perry raise any objection or challenge to the composition of the jury or its selection. Failure to raise a challenge to petit jury selection before trial constitutes waiver of that challenge in federal habeas proceedings. *Davis v. United States*, 411 U.S. 233, 242 (1973); *United States v. Ovalle*, 136 F.3d 1092, 1107 (6th Cir. 1998) (citations omitted). While Federal Rule of Criminal Procedure 12(f) allows the court to excuse that waiver, Perry has not alleged the good cause necessary for excuse, much less shown cause for failure to raise his jury-related claims or actual prejudice from the waiver. *Ovalle*, 136 F.3d at 1107 (citation omitted). Therefore, the court finds that Perry has waived his Fifth Amendment equal protection, Sixth Amendment fair cross-section, and Sixth Amendment "blind strike" claims for habeas relief.

*2. Claim 1: Alleged Refusal of Counsel to Let Perry Testify*

Perry did not testify during his trial, and the court did not personally ask Perry why he and his counsel had reached that decision. Perry was, however, present in court while his counsel called the witnesses he did and decided to rest without calling Perry to the stand. Perry also did not, at any time, object to this decision or attempt to alert the court in any fashion of his desire to testify. On the facts, the situation greatly resembles the one in *United States v. Webber*. 208 F.3d 545, 550 (6th Cir. 2000). In *Webber*, the Sixth Circuit held that "when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed" and that "[b]arring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify," the court does not need to conduct further inquiry to establish knowing and intentional waiver of the right to testify. *Id.* at 551 (citation omitted). Perry's waiver of his right to testify is inferred from his silence and his failure to inform the court of his desire to testify. *Id.* Furthermore, given the testimony of the multiple eye-witnesses to the robbery, there is no indication that Perry's testimony would have changed the result of the trial, which means that Perry suffered no prejudice from counsel's decision not to have him testify. *Strickland*, 466 U.S. at 694. Thus, Perry's first claim cannot form the basis of habeas relief.

*3. Claims 5, 6, 7 and 11 Concerning Trial Strategy*

In claims 5 and 6, Perry argues that counsel's failure to ask Perry about his conduct or to properly cross-examine the teller whom he robbed constitute ineffective assistance of counsel. In claim 7, Perry argues that he is actually innocent of the second charge, as he did not have a gun during the robbery. Finally, in claim 11, Perry argues that counsel was ineffective for failing to raise the police misconduct, withholding of evidence and false testimony that led to his conviction on the

firearm charge despite his actual innocence.

With respect to claims 7 and 11, Perry faces a high standard indeed. For a claim of actual innocence, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Given the testimony of the teller about Perry's use of the firearm, it is impossible for Perry to show that even with different cross-examination or presentation of evidence that "no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327.

For the same reason, the alleged failure of Perry's counsel to raise Perry's "actual innocence", ask Perry about the events of the date of the robbery, and cross examine the teller differently did not prejudice Perry, as there is no indication that the trial would have ended differently if counsel had raised those issues. *Strickland*, 466 U.S. at 694. Therefore, the court finds that claims 5, 6, 7 and 11 cannot form the basis for habeas relief.

*4.  Claims 8, 9 and 10 Concerning Jury Selection*

Finally, Perry argues that counsel was ineffective because he failed to raise the claims Perry currently raises with respect to jury selection. However, because counsel was not actually deficient during jury selection, these claims also fail. In order to state a Fifth Amendment equal protection claim concerning jury composition in this case, one of two things must have occurred. To state a *Batson* claim, the Government must have used a peremptory challenge on an African-American juror. *Lancaster v. Adams*, 324 F.3d 423, 432 (6th Cir. 2003) (quoting *Batson v. Kentucky*, 476 U.S. 79, 96 (1986)). That did not occur. To state a more general Fifth Amendment equal protection

claim, Perry has to first satisfy the three *Castaneda* elements of a *prima facie* case: (1) that the group alleged to be excluded is a distinct group; (2) that the degree of under-representation must be shown by comparing the proportion in the community to the proportion of venires called to serve over time; and (3) that the selection procedure is susceptible to abuse or is not racially neutral. *Castaneda v. Partida*, 430 U.S. 482, 494 (1977) (citations omitted). Perry has only presented arguments concerning the venire called for his trial, which means that he has failed to satisfy the second *Castaneda* element, showing disproportionate venires over time. Therefore, counsel was not deficient in failing to raise a Fifth Amendment equal protection claim to the venire or to the selected jury, and Perry's ineffective assistance of counsel claim must fail.

The elements necessary to establish a *prima facie* Sixth Amendment violation for failure to draw potential jurors from a fair cross-section of the community are very similar to the *Castaneda* elements, and Perry's claim fails for similar reasons. Perry has to show that representation of African-Americans in multiple venires in this district is somehow unfair or unreasonable in relation to the population of African-Americans in this district. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). To satisfy that element, Perry must provide evidence about more than just his own jury venire. *United States v. Allen*, 160 F.3d 1096, 1103 (6th Cir. 1998). Because Perry has not provided such evidence, or even alleged that other venires were unfairly or unreasonable drawn, his *Duren*/Sixth Amendment claim fails, and counsel was not deficient for failing to raise that claim.

Finally, the Sixth Circuit has held that the "blind strike" method of resolving peremptory challenges used by this court in jury selection passes muster under the Sixth Amendment. *United States v. Mosely*, 810 F.2d 93, 96 (6th Cir. 1987). Therefore, counsel was not deficient for failing to raise that claim. Because Perry's counsel was not deficient in failing to raise any of Perry's three

jury selection related claims, Perry's ineffective assistance of counsel claims on those grounds fail.

### III. Conclusion

As the court has rejected all of Perry's claims for relief, his petition for habeas corpus pursuant to 28 U.S.C. § 2255 [Docket No. 1] is denied. Perry's motion for discovery [Docket No. 10] is also denied as moot. The court certifies, pursuant to 28 U.S.C. § 2253(c), that an appeal from this order would not be well taken because Perry has not made a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: February 22, 2007**