UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OCEANUS PERRY, ) | |
| ) | Case No. 4:06-CV-00300 |
| Petitioner, ) | Criminal Case 4:02-CR-00092 |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | <u>AMENDED</u> |
| Respondent. ) | <u>MEMORANDUM AND ORDER</u> |
| ) | |
| ) | |

Before the court is *pro se* petitioner Oceanus Perry's ("Perry") motion for reconsideration [Docket No. 13]. Respondent United States of America (the "Government") has not responded to the motion, which asks the court to vacate its February 22, 2007 memorandum and order [Docket No. 11] denying Perry's petition for habeas corpus.

Perry first argues that the court committed legal error by citing *Schlup v. Delo*, 513 U.S. 298 (1995), for the "actual innocence" standard applicable to habeas actions because *Schlup* involved a second or successive habeas petition, and Perry is filing his first petition for relief. Perry is mistaken. In *Schlup*, the Supreme Court cited *Murray v. Carrier*, 477 U.S. 478, 496 (1986) for the "actual innocence" standard applicable to *all* habeas actions, and *Carrier* concerned a first petition, just like this case.

Perry next argues that *Bousley v. United States*, 523 U.S. 614 (1998), which the court also cited in setting forth the "actual innocence" standard, is distinguishable on its facts and it was therefore error for the court to rely upon that case. Perry is, again, mistaken. The Supreme Court in *Bousley* cited *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992), for the legal principle that "actual innocence" requires factual innocence, not mere legal insufficiency of the evidence. *Sawyer* involved neither a guilty plea

nor a plea agreement; it involved a guilty verdict following a jury trial, just as in this case. 505 U.S. at 336. Finally, Perry makes the same arguments supporting his claim for further discovery that the court already heard, considered and rejected in its February 22 memorandum and order.

None of Perry's arguments have any merit, and the court therefore denies his motion for reconsideration [Docket No. 13]. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: August 1, 2007**